File 4/16/15  P. v. Marquez CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B258532 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA020076) |
| v. | |
| GILBERT MARQUEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Following a 1995 jury trial, defendant and appellant, Gilbert Marquez, was found guilty of second degree burglary (Pen. Code, § 459).[1] During trial, Marquez admitted having suffered prior convictions that made him eligible for sentencing under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The trial court sentenced Marquez to a total term of 25 years to life in state prison. (The judgment was affirmed on appeal in *People v. Marquez* (Nov. 5, 1996, B094020) [nonpub. opn.]).

On July 29, 2013, acting in propria persona, Marquez filed a "petition for recall and resentencing pursuant to Proposition 36."[2] On June 26, 2014, the trial court denied the petition with prejudice on the ground Marquez was ineligible for resentencing because one of his prior convictions had been for forcible oral copulation (§ 288a). Marquez timely appealed from the order of denial.[3]

We appointed counsel to represent defendant on appeal. After reviewing the record, counsel filed an opening brief requesting this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. We directed counsel to send the record on appeal and a copy of the opening brief to defendant, and notified defendant he had 30 days within which to personally submit any contentions or issues that he wished us to consider. Marquez has not filed a supplemental brief.

We have examined the entire record and determined that, as the trial court ruled, because one of Marquez's prior convictions was for forcible oral copulation he is not eligible for a reduction of his sentence under section 1170.126.

As we explained in *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279: "On November 6, 2012, voters approved Proposition 36, the Three Strikes Reform Act of 2012 (the Act). Under the three strikes law (Pen. Code, §§ 667, subds. (b)-(i),

---

[1]     All further references are to the Penal Code unless otherwise specified.

[2]     The passage of Proposition 36 resulted in the enactment of section 1170.126.

[3]     The trial court's denial of a petition to recall a sentence pursuant to section 1170.126 is an appealable order under section 1237, subdivision (b). (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.)

1170.12) as it existed prior to Proposition 36, a defendant convicted of two prior serious or violent felonies would be subject to a sentence of 25 years to life upon conviction of a third felony.  Under the Act, however, a defendant convicted of two prior serious or violent felonies is subject to the 25-year-to-life sentence only if the third felony is *itself* a serious or violent felony.  If the third felony is not a serious or violent felony, the defendant will receive a sentence as though the defendant had only one prior serious or violent felony conviction, and is therefore a second strike, rather than a third strike, offender.  The Act also provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction. According to the specific language of the Act, however, a current inmate is not entitled to resentencing if it would pose an unreasonable risk of danger to public safety." (*Id*. at p. 1285, fn. omitted.)  "[T]here are two parts to the Act:  the first part is *prospective* only, reducing the sentence to be imposed in future three strike cases where the third strike is not a serious or violent felony (Pen. Code, §§ 667, 1170.12); the second part is *retrospective*, providing *similar, but not identical*, relief for prisoners already serving third strike sentences in cases where the third strike was not a serious or violent felony (Pen. Code, § 1170.126)." (*Id*. at p. 1292.)

Subdivision (e)(3) of section 1170.126 provides that an inmate who is otherwise qualified for resentencing is only eligible if "[t]he inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."  Both section 667, subdivision (e)(2)(C)(iv), and section 1170.12, subdivision (c)(2)(C)(iv), list the following offense:  "(I)  A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code."  Welfare and Institutions Code section 6600, subdivision (b), defines a "sexually violent offense" as any one of several enumerated offenses, including Penal Code section 288a (oral copulation) "when committed by force, violence, duress,

menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person."

We are satisfied that defense counsel has fully complied with his responsibilities and that no arguable appellate issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

**DISPOSITION**

The trial court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

ALDRICH, J.

EGERTON, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by Chief Justice pursuant to article VI, section 6 of the California Constitution.

4